## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

MaRain Rankins,

                                        Plaintiff,

        v.

Polk County et al.,

                                        Defendants.

No.   4:24-cv-00103-RGE-WPK

**Plaintiff's Opposition to Defendant's Motion for Consolidation**

Plaintiff MaRain Rankins requests that the Court deny Defendants' Amended Motion to Consolidate this case with *Rankins v. Tessier*, No. 4:24-cv-00139 (S.D. Iowa 2025) (the "NaphCare case"), for three reasons. First, Defendants have failed to show the two actions "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a). Second, consolidation would confuse the issues, be inefficient, and prejudice Mr. Rankins's ability to prosecute this case. Third, it would create insurmountable conflicts related to the attorney-client relationship.

As framing, counsel wishes to highlight the difficult position in which the Defendants' motion has placed counsel given the procedural posture of the NaphCare case. The NaphCare case that Defendants wish to consolidate is one that Mr. Rankins filed pro se and that is still pending initial review. In its motion, Defendants make assertions about the NaphCare case that assume it will continue to be prosecuted as currently alleged (both as to claims and parties).

1

To resist consolidation, counsel must highlight the ways in which the proof between the two cases will differ. *See, e.g., Peters v. Woodbury Cnty., Iowa*, 291 F.R.D. 316, 318 (N.D. Iowa 2013). This requires commenting on the strengths and legal viability of each case independently and as they relate to one another. *See id.* Counsel cannot conduct a full analysis in its opposition to the Defendants' motion under Rule 42, however, given that statements in resistance to consolidation could prejudice Mr. Rankins's litigation in the NaphCare case. Counsel must tread carefully to comply with its ethical obligation to refrain from harming Mr. Rankins in the NaphCare case while protecting his interests in this case. *See* Iowa R. of Prof'l Conduct 32:1.8(b).

Although consolidation is inappropriate for the reasons articulated below, if the Court is inclined to consolidate, then Mr. Rankins requests that the Court first conduct an initial review of the amended complaint in NaphCare case and determine whether to recruit counsel. This would also allow the parties in the NaphCare case to engage in motion practice, if any, and avoid the parties and the Court having to speculate about what the NaphCare case would look like for this motion.

## I.        Introduction

Defendants have not met their burden to show that consolidation is appropriate in this case.[1] Federal Rule of Civil Procedure 42(a) provides that "the court may"

---

[1] It is unclear whether Defendants are requesting consolidation under Fed. R. Civ. P. 42(a), (b), (c), or all three. But they have not met their burden under any subsection.

consolidate actions if they "involve a common question of law or fact." Fed. R. Civ.

P. 42(a). The Eighth Circuit has held that "a common issue of law or fact is a prereq-

uisite to consolidation." *Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994).

If this threshold is met, then courts must weigh "the specific risks of prejudice

and possible confusion" of consolidation against (1) the risks of inconsistent decisions

of facts and law; (2) "the burden on parties, witnesses and available judicial resources

posed by multiple lawsuits[;] (3) "the length of time required to conclude multiple

suits as against a single one[;]" and (4) "the relative expense . . . of the single-trial, mul-

tiple-trial alternatives." ECF 78-1, at 4 (quoting *Peters*, 291 F.R.D. at 318). Though

"[d]istrict courts have broad discretion to consolidate cases, . . . consolidation is not

appropriate 'if it leads to inefficiency, inconvenience, or unfair prejudice to a party.'"

*Hylland v. Flaum*, No. 4:16-CV-04060, 2017 U.S. Dist. LEXIS 152613, at *6 (D.S.D.

Sep. 20, 2017) (quoting *EEOC v. HBE Corp.*, 135 F.3d 543, 550–51 (8th Cir. 1998)).

"The party seeking consolidation bears the burden of showing that [consolidating the

cases] would promote judicial convenience and economy." *Peters*, 291 F.R.D. at 318

(quoting *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991)). De-

fendants have not met this burden, and their motion should be denied.

### A.    Defendants fail to meet the threshold showing required under Rule 42: that the actions here "involve a common question of law or fact."

Defendants argue that they meet the threshold requirement for consolidation

under Rule 42 because the cases "arise out of the same or similar set of facts and cir-cumstances during the same period of incarceration, in the same facility, and involve some of the same parties." ECF 78-1, at 4. When evaluating whether a party can show "a common question of law or fact," courts often look to whether there are common parties or similar legal issues. *See Peters*, 291 F.R.D. at 319. The Defendants' bare asser-tions are insufficient to satisfy the threshold requirement of Rule 42.

### 1. There is no guarantee the parties moving forward are "common."

First, looking at the parties in both cases, there has been no initial review order of the propriety of the defendants in the NaphCare case. *See* ECF 78-1, at 4; Docket, *Tessier*, No. 4:24-cv-00139 (S.D. Iowa 2025). But even if the NaphCare defendants re-main the same throughout the litigation, of 43 total parties across the two cases (31 in this case and approximately 16 in the NaphCare case), Defendants concede that there is an overlap of only four defendants. *See* ECF 78-1, at 4 ("Defendants Polk County, Kyle, Schneider, and Devine"). The three individual defendants are Polk County Jail officers, not NaphCare employees. ECF 47, at ¶¶ 53–55. It is unclear whether these individual defendants believe they were wrongfully named in Plaintiff's NaphCare case, but whether the NaphCare case can survive with these named defendants should be litigated as part of that case, not indirectly via consolidation.

Additionally, apart from those four defendants, the NaphCare case defendants appear to be NaphCare employees who have not been named as defendants here. *See*

*generally* Am. Compl., *Tessier*, No. 4:24-cv-00139 (ECF 6); Attach. to Am. Compl.,

*Tessier*, No. 4:24-cv-00139 (ECF 6-1); Am. Compl., *Rankins v. Polk County, Iowa*, No.

4:24-cv-00103 (S.D. Iowa April 14, 2025) (ECF 67). Because defendants have yet to

be served or file any motions in the NaphCare case, the Defendants' assertion that

these four NaphCare defendants would have to testify at two trials is speculation.

> **2. The claims against the defendants in both cases are distinct and have limited overlap.**

Second, Defendants have not met their burden to show similar legal issues. In

the present case, Mr. Rankins alleges that Polk County and its employees were deliber-

ately indifferent to his serious medical needs, subjected him to unconstitutional condi-

tions of confinement, unconstitutionally threatened him, violated the Americans with

Disabilities Act ("ADA"), failed to properly train and supervise as a matter of official

or unofficial policy or practice, and are liable for state-law negligence and intentional

infliction of emotional distress.

By contrast, in the NaphCare case, Mr. Rankins's claims—at least as currently

alleged without the benefit of the initial review or motions practice—include ADA vi-

olations against a contracted private entity, a *Monell*-type claim against NaphCare for

its failure to train, and complaints about the behavior of private medical professionals

in treating his specific medical needs and failing to provide him with adequate, profes-

sional medical care for his conditions. Case law is clear that these claims have differ-

ent legal standards. *See, e.g.*, *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 52 (1999) (differentiating between government and private actors in assessing liability in § 1983 actions); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700 (1978) (describing failure to train); *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) ("If a party's conduct meets the requirements for state action, the same acts also qualify as actions taken 'under color of state law' for purposes of § 1983." (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)).

Moreover, although the claims in the two cases involve Mr. Rankins's mistreatment at the Polk County Jail during the same time frame, the factual bases for the claims against Polk County and the claims against NaphCare differ. In fact, despite bearing the burden to show consolidation is appropriate, beyond a conclusory statement that Mr. Rankins's cases "arise out of the same or similar sets of facts and circumstances," Defendants point to no specific incident in Mr. Rankins's Amended Complaints in either case to support its allegation that each case would require calling "[a]ll Polk County employees and all NaphCare employees involved in each alleged incident." ECF 78-1, at 5. Defendants likewise do not attempt to support their contention that "[t]he claims alleged and the requested relief are the same or similar in both cases." ECF 78-1, at 5. Rather, they concede that the "Naphcare Complaint is pro se

6

and difficult to decipher" before speculating that "it is *possible* that [Mr. Rankins] is asserting one or more claims sounding in breach of duty of care, or negligence under Iowa Code chapter 668." *Id.* (emphasis added). Conjecture about what a plaintiff may argue if he amends his complaint and if that case "proceeds to a jury trial" is an insufficient basis to conclude that the questions of facts and law in each case are similar, much less the same. *Id.*

Finally, if the Defendants are arguing that there are common facts associated with their anticipated defenses, based on the current record, there is nothing to support that conclusion. Without evaluating the merits of Defendants' defenses, different defenses may apply in each case. For example, qualified immunity does not apply to NaphCare under Eighth Circuit precedent. *See generally Davis v. Buchanan Cnty.*, 11 F.4th 604 (8th Cir. 2021). Because Defendants have not met their threshold showing of commonality, their Motion for Consolidation should be denied.

**B.    Even assuming there are "common issues of law and fact," consolidation would confuse the issues, promote inefficiency, and prejudice Plaintiff's ability to prosecute his claims in this case.**

Even if this Court finds that Defendants have met their threshold burden under Rule 42, consolidation is not appropriate because it would confuse the issues, promote inefficiency, and prejudice Mr. Rankins's ability to prosecute his claims.

**1.    Defendants' claims of indemnification by NaphCare weigh against consolidation.**

7

Defendants argue that NaphCare is a "necessary party to this action" because they "agreed to indemnify, defend, and hold harmless Polk County and its employees from injuries caused by NaphCare employees' acts or omissions." ECF No. 78-1, at 3. As an initial matter, whether NaphCare is a necessary party to the action is not the inquiry under Rule 42. *See* Fed. R. Civ. P. 42(a). But even if it were, as outlined below, indemnification is a matter best left for NaphCare and Polk County to litigate in a separate proceeding, and consolidation on this ground would lead to confusion of the issues in an already factually complicated lawsuit.[2]

First, the Defendants presented no information in their motion to indicate that NaphCare has made any "effort on its own to join" the current proceeding as a party. *3D Enter. Contracting Corp. v. Harpeth Valley Utils. Dist.*, 2006 WL 8457621, at *3 (M.D. Tenn. Oct. 11, 2006) (asserting that making no effort to join this lawsuit suggests that the defendant or third party is "not concerned about being prejudiced by not being involved in this case"). Without any action by NaphCare on its own behalf, Defendants' claim that NaphCare is a required party is speculation.

---

[2] This is particularly the case when it is unclear from the Defendants' own Exhibit that NaphCare would have an indemnity obligation. *See* NaphCare Contract (Ex. A), ECF 78-2 at 13 ("NaphCare *will have no obligation* to indemnify, defend and hold harmless the County, its agents, officers and employees for any injury or damage caused by or resulting from the wrongful, intentional, malicious, willful, wanton or deliberately indifferent act solely caused by the negligence, or omission of the County, its agents, employees or subcontractors." (emphasis added)).

Second, the question of indemnification is one that would lead to substantial confusion for a jury. Courts have consistently held that bringing in a third party to a case, whether through consolidation, impleading, or third-party practice, is ill-advised when there is a question of indemnification. *See, e.g.*, *Helferich Pat. Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 989–90 (D. Ariz. 2013) (denying a Rule 14 motion to implead third-party defendants where adding third-party defendants that had a contractual relationship with original defendants would introduce issues, including indemnification and contract interpretation, that were "extraneous" to the plaintiff's original claims); *Remington Arms Co. v. Liberty Mut. Ins.*, 748 F. Supp. 1057, 1068 (D. Del. 1990) (holding that permitting impleader would have complicated the issues by requiring the court to address whether defendant was "entitled to indemnification" by proposed third-party defendants).

In short, consolidation here would confuse the jury by introducing a complicated question of contractual liability between NaphCare and Polk County.

## 2. Consolidation would be inefficient, and Defendants have not shown how they would prevent delays.

Consolidation would also be inefficient because of the different procedural postures of the cases, the small overlap in parties, and the potential for delay.

First, the different procedural postures of the two cases and the factual development necessary for each would delay this case, potentially by years. Here, although Plaintiff filed his complaint in the NaphCare case more than a year ago, as of filing,

neither Polk County, the three individual defendants, nor NaphCare have been served. *See* Docket, *Tessier*, No. 4:24-cv-00139 (S.D. Iowa 2025). By contrast, in this case, Plaintiff and the Defendants have participated in motion practice; worked to identify numerous John Doe defendants; had their first scheduling conference with the Court; are actively involved in reviewing the thousands of pages of discovery; and are planning further discovery requests and depositions. Were the cases consolidated, this progress would be put on hold while the NaphCare case catches up.

The Southern District of Iowa has considered "different procedural stages" of two cases to be another "compelling reason[] to deny consolidation" because of the potential for delay. *Droll v. City of Keota, Iowa*, 2021 WL 10256531, at *4 (S.D. Iowa Oct. 15, 2021). Such a delay here will prejudice Plaintiff's ability to resolve his claims, which will likely rely on competing memories that can fade. The NaphCare case, by contrast, will likely focus on written records of Plaintiff's medical care that will not change over time.

Second, as outlined above—even if the parties and the Court speculate that the NaphCare case will proceed exactly as currently pled—there would be very few, if any, overlapping defendants (or claims), which means that the ultimate trial would be much longer if consolidated. This inefficiency is something that the court considered in *Peters v. Woodbury County* when it denied a request for consolidation, finding that "a combined trial would create complexities resulting in the imposition of burdens on

10

the court and the parties." *Peters*, 291 F.R.D., at 320. In *Peters*, Judge Strand expressed concern "that a combined trial would require a large group of the County's correctional officers . . . to attend a lengthy trial together, with each officer spending much of [the] time listening to evidence that is not relevant to the claims against that officer." *Id.* Judge Strand's concerns about the burden on individual defendants arose from two cases involving just 14 defendants total: eight from each case, with two overlapping. Consolidating Plaintiff's two cases—assuming the NaphCare case proceeds as currently pled—would involve 43 defendants: 31 in this case and 16 in the NaphCare case, with only four overlapping parties. Requiring all 31 Polk County defendants "to attend a lengthy trial together" with the 12 non-overlapping NaphCare employee defendants, where each must "listen[] to evidence that is not relevant to the claims" against them, would be inefficient and waste time and resources. *Id.*

### 3.  The lack of overlap raises evidentiary concerns.

Just as consolidation would be inefficient because it would require defendants to sit through days or weeks of trial irrelevant to claims against them, the trial itself would be mired in delay. In *Peters*, Judge Strand detailed the onerous trial procedure that would result from consolidation:

> For each exhibit offered, and each witness examined, issues would arise as to whether the evidence applies to the [first] case, the [second] case or both. It is quite foreseeable that some evidence will be admissible with regard to only one case, yet would necessarily be heard by the same jurors deciding the other case. I expect that a great deal of time during a combined trial would be spent discussing and attempting to resolve issues of this nature.

11

*Id.* at 320 (footnote omitted).

These potential evidentiary issues raise significant concerns about prolonging the trial and create yet another opportunity for a jury to confuse the issues between Plaintiff's cases. At this time, Plaintiff believes that he can resolve his claims with only a five-day trial. *See* ECF 60, at ¶ 1. In a consolidated case, these evidentiary issues and the time required to adjudicate his claims against both NaphCare and Polk County without confusing the jury will increase the required time beyond estimation.

In addition, although Defendants have argued that consolidation is appropriate because "[t]he jury may be confused regarding the responsibilities of the Polk County Defendants and NaphCare employees," ECF 78-1, at 6, the jury will benefit from focusing solely on the constitutional obligations of each group individually. For example, in the current case, jurors will be asked to focus on the narrow question of whether Polk County and its employees meet the elements of deliberate indifference. One of the elements of deliberate indifference centers the presence of an objectively serious medical need, such as paraplegia, that is "obvious" to a lay person. *See Hall v. Higgins*, 77 F.4th 1171, 1178–79 (8th Cir. 2023) ("An objectively serious medical need is one that 'has been diagnosed by a physician as requiring treatment or if it is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" (quoting *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (cleaned up)).

Having to untangle the lay observations by Polk County jail employees of Mr.

Rankins's medical conditions from the medical observations of trained NaphCare staff will confuse the jury about what the standard of constitutional liability is for the jail staff. Presenting both claims together prejudices Mr. Rankins's claim against the jail staff, who he has specifically alleged disregarded his medical needs and subjected him to unconstitutional conditions of confinement and conditions that violate the mandates of the ADA. These claims are outside of and apart from his specific medical care by NaphCare's employees. *See, e.g.*, *McRaven v. Sanders*, 577 F.3d 974, 981 (8th Cir. 2009) (rejecting officials' attempt to rely on nurse's assessment of an incarcerated person because the officials did not tell the nurse that incarcerated person had taken many different drugs before arrest).

Therefore, the Defendants' concern about "inconsistent adjudications," which, again, assumes what the NaphCare lawsuit will look like after the initial review and motion practice, is inapposite here. The adjudication of the two cases' claims and the respective proofs for the primarily distinct defendants and their respective conduct do not significantly overlap and are unlikely to lead to inconsistencies. *See* ECF 78-1, at 5. As an example, and to put this more concretely, evidence already provided by Defendants shows that NaphCare provided direct instructions to jail staff and jail staff disregarded them. *See* Ex. 1. Consolidation would thus not lead to inconsistences; rather, it would lead to evidentiary confusion given the differing legal standards associated with Polk County employees as compared to NaphCare employees.

### 4. Consolidation would not create a single lawsuit, so final decisions could be appealed for either while the other moves forward.

Consolidation would also be inefficient because it would not create a single case, but two distinct cases that would be litigated simultaneously. Defendants argue that they "may be prejudiced in the presentation of their defense by not having all potentially responsible parties in the same case in the same trial." ECF 78-1, at 6. But the Eighth Circuit and U.S. Supreme Court have been clear that consolidating two cases does not make them "the same case." *Hall v. Hall*, 584 U.S. 59, 70 (2018) (explaining that consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another" (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97 (1933)); *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (same).

In *Hall*, the U.S. Supreme Court clarified that, where cases are consolidated, a final decision in one is immediately appealable "regardless of any ongoing proceedings in the other cases." *Hall*, 289 U.S. at 66. In the § 1983 context, a decision on summary judgment is immediately appealable. *Plumhoff v. Rickard*, 572 U.S. 765, 771–72 (2014). Because of the different available defenses, such as qualified immunity, consolidation does not guarantee that the cases will be litigated at the same stage at the same time. The Court should deny consolidation because it will confuse the issues and create inefficiencies that will prejudice Mr. Rankins's case.

14

## C.    Consolidation would create attorney-client conflicts.

Finally, consolidation would prejudice Mr. Rankins by creating potential con-
flicts of interest related to his current counsel.

First, Mr. Rankins is pro se in his case against NaphCare and the Court has de-
nied his first motion to appoint counsel. Initial Review Order at 7, *Tessier*, No. 4:24-
cv-00139 (S.D. Iowa Nov. 1, 2024) (ECF 4). Thus, this is not a case where consolida-
tion would require multiple attorneys to work together. Instead, counsel would repre-
sent Mr. Rankins in this case while also working with Mr. Rankins as he acts as his
own counsel in the NaphCare case.

This "hybrid representation" counsels against consolidation. In *Wilson v. Tyson
Foods, Inc.*, No. 4:11-cv-00813, 2012 U.S. Dist. LEXIS 76763, at *1 (E.D. Ark. June 4,
2012), the court held that consolidating a plaintiff's pro se and counseled complaints
was inappropriate despite each complaint alleging employment-related misconduct by
the same defendant. The court agreed with the plaintiffs that "consolidation would
unfairly prejudice their ability to seek redress of alleged FLSA violations by mixing
those claims with completely unrelated discrimination claims, which would 'give rise
to a host of problems.'" *Id.*

Likewise, in *Pruit v. LeVy*, No. 1:20-cv-00467, 2023 U.S. Dist. LEXIS 150404,
at *4 (D.N.M. Aug. 24, 2023), a court denied consolidation "most importantly" be-
cause the plaintiff was represented by counsel in one case but not the other, and

"Plaintiff's counsel . . . made it clear . . . that counsel will not represent Plaintiff in [the other case]." Despite recognizing that "[d]istrict [c]ourts have discretion as to whether to allow 'hybrid representation' where a party is proceeding pro se in part and represented by counsel in part," the court strongly opposed such hybrid representations:

> Trying to accommodate proceedings that are partially pro se and partially counseled would unnecessarily burden and delay ultimate resolution of both cases. Allowing hybrid representation would lay the groundwork for potential conflicts where Plaintiff and his counsel disagree as to case strategies, resulting in significant juror confusion and unfair prejudice to some or all of the parties.

*Id.* at 5; *see also United States v. Couch*, 758 Fed. App'x 654, 656–57 (10th Cir. 2018) (quoting trial judge's concern that allowing hybrid representation "creates more problems than [the court] can solve").

Second, undersigned counsel does not have the resources to prosecute both cases. At the Court's request, the Clinic agreed to take this case pro bono after assessing its resources and competencies. Although NaphCare's branches across the country have consistently been found liable for the exact type of conduct that Mr. Rankins is alleging in the NaphCare case, litigating those claims required substantial effort by large-scale nonprofits and firms with far more resources than the Clinic. *See, e.g.*, *Est. of Hill v. NaphCare, Inc.*, 2025 WL 1098549, at *3–*4 (9th Cir. Apr. 14, 2025) (upholding jury verdict for plaintiff but reversing punitive damages award) (litigated by MacArthur Justice Center and civil rights firm Budge & Heipt after complaint was

16

filed in 2020); *Tapia v. NaphCare, Inc.*, No. C22-1141 (W.D. Wash. 2022) (plaintiff represented by civil rights firm Galanda Broadman); *Jail Health Care Provider to Pay $25 Million to Washington Man After Leg Amputation*, OPB.org (Apr. 7, 2025 4:04 PM), https://tinyurl.com/4kbn95w6 (discussing jury verdict for plaintiff in *Tapia* three years after filing of initial complaint in 2022); *ACLU of Alaska Uncovers Massive HIPAA Violation by the Alaska Department of Corrections*, ACLU Alaska (Sept. 30, 2024), https://tinyurl.com/yc4tdfks (discussing demand letter sent to DOC of Alaska and Chief Legal Officer for NaphCare and official complaint filed with U.S. Dep't of Health and Human Services after discovering potential NaphCare HIPAA violations). Because consolidation would create confusion, inefficiency, prejudice, and conflicts of interest, the Court should deny Defendants' Motion to Consolidate.

## II.    Conclusion

In conclusion, Defendants have not met their burden to show this case should be consolidated with Mr. Rankins's case against NaphCare under Rule 42. The two cases do not involve substantial common questions of law or fact. But even assuming they do, consolidation carries a significant risk of confusion and inefficiency, and prejudices Mr. Rankins's ability to vindicate his rights. Finally, consolidation would create conflicts between counsel and Mr. Rankins given that he is pro se in the NaphCare case. Plaintiff requests that the Court deny Defendants' Motion.

Dated: <u>April 29, 2025</u>

<u>/s/ Erin E. Frith</u>
Erin E. Frith
Clinical Law Student
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52245
(319) 335-9023
(319) 353-5445 fax
erin-frith@uiowa.edu
*Attorney for Plaintiff*

<u>/s/ Alison K. Guernsey</u>
Alison K. Guernsey
Iowa #AT0013528
University of Iowa College of Law
Clinical Law Programs
380 Boyd Law Building
Iowa City, IA 52245
(319) 335-9023
(319) 353-5445 fax
alison-guernsey@uiowa.edu
*Attorney for Plaintiff*

## Certificate of Service

I hereby certify that on April 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Julie J. Bussanmas, Assistant County Attorney, Polk County Attorney's Office Civil Division.

<u>s/ Alison K. Guernsey</u>
Alison K. Guernsey